**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND**

| | |
|---|---|
| CHAMBERS OF<br>PAUL W. GRIMM<br>CHIEF UNITED STATES MAGISTRATE JUDGE | 101 W. LOMBARD STREET<br>BALTIMORE, MARYLAND 21201<br>(410) 962-4560<br>(410) 962-3630 FAX |

August 19, 2010

William James Nicoll, Esq.
Jenkins, Block & Assocs. P.C.
1040 Park Avenue
Baltimore, MD 21201

Allen F. Loucks, AUSA
36 South Charles Street
4th Floor
Baltimore, MD 21201

**Re: Lennell H. Copper v. Michael J. Astrue, Commissioner of Social Security, PWG-08-2621**

Dear Counsel:

Pending before this Court, by the parties' consent, are Cross-Motions for Summary Judgment concerning the Commissioner's decision denying Mr. Copper's claim for Disability Insurance Benefits ("DIB"). (Papers No. 9,20,28). This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater,* 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen,* 829 F.2d 514, 517 (4th Cir. 1987). A hearing is unnecessary. Local Rule 105.6. For the reasons that follow, this Court **DENIES** the Plaintiff's Motion and **GRANTS** the Commissioner's Motion.

Mr. Copper (sometimes referred to as "Claimant") filed applications for DIB on June 30, 2004, and November 1, 2005, alleging that he became disabled in July 2003, due to degenerative disc disease, back, leg, and ankle pain, obesity, depression, gout, hypertension, and diabetes. (Tr. 69-73, 100, 260, 264). After his claim was denied initially and on reconsideration, a hearing was held before an Administrative Law Judge ("ALJ"), the Honorable Melvin Benitz, on September 13, 2007. In a decision dated January 4, 2008, the ALJ found that although his lumbar degenerative disc disease, obesity, osteoarthritis in both knees and left ankle, left tarsi syndrome, gout, diabetes and high blood pressure were all

"severe impairments" as defined in the Regulations, they did not meet or equal a listed impairment. The ALJ also found that Mr. Copper retained the residual functional capacity ("RFC") to perform a range of unskilled light work. Although the ALJ determined that Claimant was not able to perform any of his past relevant work ("PRW"), the ALJ did find, after receiving testimony from a vocational expert ("VE"), that there were jobs available in significant numbers which Claimant could perform. Accordingly, the ALJ denied Mr. Copper's claim. (Tr. 260-277). On August 5, 2008, the Appeals Council denied Mr. Copper's request for review, making the ALJ's decision the final, reviewable decision of the Commissioner. (Tr. 251-253). This appeal followed.

The Commissioner's decision must be upheld if supported by substantial evidence which is more than a scintilla, but less than a preponderance, and sufficient to support a conclusion in a reasonable mind. *See* 42 U.S.C. §405(g) (1998); see also *King v. Califano*, 599 F.2d 597 (4th Cir. 1979); *Teague v. Califano*, 560 F.2d 615 (4th Cir. 1977); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966). This Court may not weigh conflicting evidence, determine credibility, or substitute its judgment for the Commissioner's. *See Hays v. Sullivan,* 907 F.2d 1453, 1456 (4th Cir. 1990). Although deferential, this standard of review does not require acceptance of a determination by the Commissioner which applies an improper standard, or misapplies the law. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Following its review this Court may affirm, modify or reverse the Commissioner, with or without a remand. *See* 42 U.S.C.§405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

Claimant presents several arguments in support of his contention that the ALJ's decision is not supported by substantial evidence. For the reasons that follow, I disagree and AFFIRM the ALJ's decision.

First, Claimant argues that ALJ erred by relying on the opinion of the examining State Agency physician, Dr. William Barrish. Claimant takes issue with the ALJ's decision to accord some weight to Dr. Barrish's 2004 opinion, but only "little weight" to his 2006 opinion. SSR 96-6p provides that an ALJ may afford great weight to examining state agency physicians' opinions.[2] The ALJ adequately discussed the reasons for

---

[2] SSR 96-6p, in relevant part, states: "In appropriate circumstances, opinions from State agency medical and psychological consultants and other program physicians and

2

affording Dr. Barrish's 2004 opinion significant weight and less weight to the 2006 opinion. (Tr. 272-274). Dr. Barrish examined Mr. Copper in August 2004, and again in August 2006. Dr. Barrish's 2004 report stated, *inter alia,* that Claimant could lift 20 pounds occasionally and 10 pounds frequently, and that he had limitations in walking and standing due problems with his left ankle. Dr. Barrish also stated that Mr. Copper needed frequent position changes. (Tr. 181). When determining the amount of weight to accord Dr. Barrish's opinions, the ALJ noted that Dr. Barrish's 2004 report was fairly consistent with the opinions of Claimant's treating physician, Dr. Callahan whose reports the ALJ also discussed at length in his decision. (Tr. 270-271). Equally important was that in rendering his opinions, Dr. Barrish provided an explanation for his statement that Claimant required a sit- stand option which the ALJ found to be most consistent with the treating physician's assessment, and what he opined was Mr. Copper's need to change positions. (Tr. 274-275). The ALJ discussed Dr. Barrish's 2006 report and noted that the examination of Claimant's lower back was virtually identical to the 2004 exam. For example, the ALJ noted the doctor's finding of only 10 degrees less flexion in 2006 than found at his 2004 examination and the rest of the findings remained the same. However the restrictions listed by the doctor in his 2006 report were much more limited. (Cf. Tr. 183-184, 566-567). The ALJ noted that there was no support for these limitations and that Dr. Barrish did not review Claimant's medical records. The ALJ ultimately found that the restrictions placed on Claimant were disproportionate to the findings noted on examination, and therefore accorded the report little weight. (Tr. 273). When viewed in its entirety, as is required, the evidence in the record supports the ALJ's determination to afford considerable weight to the DDS physician's first assessment. In sum, the ALJ provided adequate explanation for his decision to afford great weight to the DDS doctor's 2004 opinions.

Mr. Copper also argues that the ALJ erred at step two of the sequential evaluation and improperly conducted a "sua sponte analysis" of Claimant's alleged mental impairment. *See* Plaintiff's Mem. p.7-8. The ALJ found that Mr. Copper's medically determinable mental impairment i.e., depression, did not cause more than minimal limitations in his ability to

---

psychologists **may be entitled to greater weight than the opinions of treating or** examining sources." SSR 96-6P, 1996 WL 374180 at *2*3(S.S.A.)(emphasis added).

3

perform basic mental work activities and therefore was not severe. (Tr. 264). In order to be "severe", an impairment must significantly limit one's ability to do basic work activities. 20 C.F.R. §404.1521(a). An impairment is not severe if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience. *Evans v. Heckler*, 734 F.2d 1012, 1014 (4th Cir. 1984). The claimant bears the burden of production and proof during the first four steps of the inquiry. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995).

There is no dispute that the record contains some evidence that Mr. Copper was diagnosed with depression. (Tr. 264, 576, 616, 637). However, after careful review of the entire record, and the ALJ's decision I find the ALJ properly incorporated the pertinent findings and conclusions based on the required procedure in his decision rationale, and his finding that Mr. Copper's depression was not severe is supported by substantial evidence.

The ALJ found that based on his own testimony and function reports, Claimant had a "mild" restriction in his activities of daily living, "mild" restrictions in social functioning, "mild" restriction in concentration, persistence, or pace, and experienced "no" episodes of decompensation. (Tr. 264). The Commissioner's regulations require that the ALJ's "rationale must show the significant history, including examination, laboratory findings, and functional limitations that we considered in reaching conclusion about the severity of the mental impairments." *See* 20 CFR §416.1520a(c)(4). The ALJ noted Mr. Copper's depression. (Tr. 264). However, the ALJ also discussed the fact that Claimant does not receive treatment other than medication for his depression, and noted that the prescribed medication significantly helped his impairment. For example, in January and July of 2007, Mr. Copper's treating physician noted that his "mood was ok" and noted that "lexapro helped". (Tr. 616-618). Furthermore, the physician stated, on at least two occasions, that Mr. Copper's percocet "allows him to perform his ADL's".(Tr. 616). This evidence seriously undermines the Claimant's argument that the ALJ improperly "speculated" about the side effects of his medications and their impact on his mental functional abilities. When viewed in its entirety, as is required, the evidence in the record supports the ALJ's determination that his depression was not a severe impairment. In sum, the ALJ documented adequately the technique he applied, which is set forth in 20 CFR §416.1520a and his findings are supported by substantial evidence.

4

Finally, Claimant argues that the ALJ improperly relied on non-compliance with medical advice as a basis for denying his benefits in violation of SSR 82-59. However, SSR 82-59 only applies where the ALJ has determined that an individual's impairments preclude him or her from engaging in substantial gainful activity, i.e., an individual who would otherwise be found disabled under the Act. *Lozada v. Barnhart,* 331 F. Supp. 2d 325 (E.D. Pa. 2004). That is not the case here. Rather, the ALJ only discussed non-compliance when assessing Claimant's credibility, as ALJ's are directed to do pursuant to SSR 96-7p (1996 WL 374186 * 3(SSA))(Tr. 269). After review of the ALJ's decision and the entire record, I find the Claimant's arguments are without merit. The ALJ fully and adequately explained his credibility determination. *See* SSR 96-7p. In determining Claimant's credibility and the impact that his alleged impairments had on his ability to work, the ALJ stated that he considered among other things, the report from Dr. Stoddard. (Tr. 269). Dr. Stoddard examined Claimant and stated in his office report that Mr. Copper's compliance with medical regime was "doubtful" and that he was not compliant with his diet. (Tr. 269,439,442).This information provided by a physician is exactly the type of evidence the ALJ is required to consider pursuant to 96-7p[3]. In sum, these factors were appropriately considered[4], and

---

[3] SSR 96-7p, in relevant part, states:

> 4. In determining the credibility of the individuals statements the adjudicator must consider the entire case record, including the objective medical evidence**, the individual's statements about symptoms, statements and other information provided by treating or examining physicians or psychologists or other persons about symptoms with the rest of the relevant evidence in the case record** in reaching a conclusion about the credibility of the individual's statements if a disability determination or decision that is fully favorable to the individual cannot be made solely on the basis of objective medical evidence**.**
>
> 5. It is not sufficient for the adjudicator to make a single, conclusory statement that "the individuals allegations have been considered or that the allegations are (or are not) credible." It is also not enough for the adjudicator to simply recite the factors that are described in the regulations for

5

they provide substantial support for the ALJ's conclusions in this case.

Therefore, I am **DENYING** Plaintiff's Motion for Summary Judgment, and **GRANTING** Defendant's Motion for Summary Judgment. A separate Order shall issue.

DATED: 8/19/10 _____/s/_____
Paul W. Grimm
United States Magistrate Judge

---

evaluating symptoms. **The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individuals statements and the reasons for that weight.**

(1996 WL 374186 *1-*2) (emphasis added).

[4] SSR 96-7p also provides:

[T]he adjudicator must consider certain factors "in addition to the objective medical evidence when assessing the credibility of an individuals statements": Those factors include 1. The individual's daily activities; 2. The location, duration, frequency, and intensity of the individual's pain or other symptoms; 3. Factors that precipitate and aggravate the symptoms; 4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; 5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms ; 6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board ); and  7. Any other factors concerning the individuals functional limitations and restrictions due to pain or other symptoms.

SSR 96-7p(1996 WL 374186, *2 (S.S.A.))